UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$776,670.00 PREVIOUSLY CONTAINED IN BANK OF AMERICAN ACCOUNT NUMBER XXXXXXXX3507 HELD IN THE NAME OF SHIN'S TRADING, DBA CALA PRODUCTS,<br><br>Defendant *In Rem*. | Civ. No. 2:13-cv-4108 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this *in rem* civil forfeiture proceeding, the Government seized $776,670.00 from a bank account held in the name of Shin's Trading d/b/a Cala Products ("Shin's Trading" or "the Company"). The co-owners of Shin's Trading, Jung Min Shin and Heebok Shin ("the Shins"), now move to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **GRANTED**.

**I.    BACKGROUND**

Shin's Trading is a beauty products wholesaler located in Los Angeles, California. Verified Compl. ("Compl.") ¶ 18, ECF No. 1. Shin's Trading maintained an account with Bank of America (the "Account"). *Id.* ¶ 2. Between March 7, 2012 and March 19, 2013, unidentified individuals made upwards of 100 deposits into the Account at bank branches located in eight different states. *Id.* ¶ 21. Just a single deposit in the amount of $8,500.00 was made in New Jersey. *Id.* Four deposits totaling $22,000.00 were made in California. *Id.* Taking the position that the deposits were structured, laundered, or the product of narcotics trafficking, the Government seized $776,670.00 in the Account pursuant to a warrant issued in April 24, 2013. *Id.* ¶¶ 6-28. Five days after the seizure, two Drug Enforcement Administration agents from the New Jersey office interviewed the

Shins along with a Shin's Trading employee, Evelyn Escobedo, at the Shin's Trading facility in Los Angeles, California. *Id*. ¶¶ 29-32.

On July 3, 2013, the Government filed a Verified Complaint for forfeiture *in rem* against the defendant funds in this Court. Compl. On August 2, 2013, the Shins filed a verified claim with respect to the defendant funds. ECF No. 5. On August 26, 2013, the Shins moved to dismiss. ECF No. 6. On April 28, 2014, the Court denied the motion. *U.S. v. $776,670.00*, No. 13-4108, 2014 WL 1669929 (D.N.J. Apr. 28, 2014). The Shins now move to transfer venue to the United States District Court for the Central District of California.

## II.   DISCUSSION

Title 28, Section 1404(a) ("Section 1404") provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Section 1404 vests "discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). To prevail on a motion to transfer, the moving party must demonstrate, first, that the case could have been brought in the transferee forum, and second, that "in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses." *Medidata Solutions, Inc. v. DATATRAK Int'l, Inc.*, 2013 WL 1989854, at *5 (D.N.J. May 13, 2013). Since there is no dispute that this case could have been brought in the Central District of California, the Court restricts its analysis to considerations of justice and convenience. In *Jumara v. State Farm. Ins. Co.*, the Third Circuit explained that besides from considering justice and convenience, courts should weigh a host of private interests and public interests in determining whether to grant a transfer motion. 55 F.3d 873, 879-80 (3d Cir. 1995).

### A.   The Private Interest Factors Weigh in Favor of Transfer.

The private interest factors implicated in a transfer include, but are not limited to:

> [the] plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of

books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The Court considers these factors in turn.

First, the Court considers the plaintiff's choice of forum. *Id.* In *Jumara*, a case between a motorist and an insurance company, the Third Circuit explained that "the plaintiff's choice of venue should not be lightly disturbed." *Id.* (internal quotations and citations omitted). Moreover, a plaintiff's forum choice is generally "entitled to greater deference" where the plaintiff chooses to litigate in its "home forum," *Ricoh Co. Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). However, where the plaintiff is the Government, this deference is lessened. *See U.S. ex rel. Hollander v. MTD Products, Inc.*, No. 9-5507, 2011 WL 3501749, at *2 (E.D. Pa. Aug. 9, 2011). Deference is further lessened where, as here, a plaintiff's forum choice has "little connection to the operative facts of the lawsuit." *Maxtak Capital Advisors, LLC v. ParkerVision, Inc.*, No. 11-7549, 2012 WL 4673244, at *4 (D.N.J. Oct. 1, 2012). Indeed, the only connection New Jersey has to this lawsuit is that one deposit out of more than 100 was made in a New Jersey bank branch. That deposit accounted for a miniscule percentage of the seized funds. Accordingly, the first factor weighs only slightly in favor of keeping this case in the District of New Jersey.

Second, the Court considers the Defendant's preference. *Jumara*, 55 F.3d at 879. Here, the Shins are effectively the defendants since they are the only parties who have stepped forward to claim the seized funds. The Shins want to transfer this case. Accordingly, the second factor weighs in favor of a transfer.

Third, the Court considers where the claim arose. *Id.* at 879. As the allegedly illegal conduct occurred in a host of states, it is not immediately clear where the Government's forfeiture claim arose. However, if the Shins were involved in the illegal conduct, their acts apparently took place in California. Accordingly, the third factor weighs in favor of a transfer.

Fourth, the Court considers the convenience of the parties as indicated by their relative physical and financial condition. *Id.* It is clear that California is a more convenient forum for the Shins. It does not appear that the Shins have any connection to New Jersey, save for the lone deposit made at a New Jersey bank branch. California is where the Shins live, where they maintain their business, and where their employees are located. Travelling to New Jersey for depositions and potentially trial would cost the Shins money and require them to take time away from their business.

On the other hand, the Government argues that California is not a more convenient forum because (1) the case was investigated and brought by the United States Attorney's Office for the District of New Jersey while working with federal agents in Newark; (2) relevant documents are located in New Jersey; (3) the Government intends to introduce testimony from a summary witness, as well as Newark-based agents; and (4) the Shin's bank account was discovered in the ledger of a money launderer operating in New York. Pl.'s Br. at 16, ECF No. 17. Moreover, the Government argues that transfer would be inefficient because it would prolong the proceedings and because the United States

Attorney's Office for the District of New Jersey has already briefed a substantive motion in this Court. *Id.* at 7-10. While not unsympathetic to the Government's arguments, the Court is not persuaded. This case is still at an early stage; indeed, the Court has yet to schedule a conference with the parties. The Government has resources in the Central District of California. The Government's New Jersey based agents can travel to California for trial and deposition. And the Court is confident that prosecutors in the Central District of California can quickly get up to speed on this case. Accordingly, the fourth factor weighs in favor of a transfer.

Fifth, the Court considers the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. While the Shins wish to elicit trial testimony from a host of California-based non-party witnesses, including representatives of Bank of America who can testify about the Account and government employees who can testify about Shin's Trading's bona fides as a business, it is not clear how relevant this testimony will be. While the Government claims it will offer testimony from a summary witness, it is unclear who that witness would be. Accordingly, the fifth factor is neutral.

Sixth, the Court considers the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Id.* As relevant documents can be produced electronically, the location of books and records bears little weight. *See In re Laidlaw Securities Litigation*, 1991 WL 170837 at *2 (E.D.Pa. Aug.27, 1991) ("[W]hen documents can be transported and/or easily photocopied, their location is entitled to little weight."). Accordingly, the sixth factor is neutral.

Weighing the factors together, the Court finds that the private interest factors weigh in favor of a transfer to the United States District Court for the Central District of California.

### B. The Public Interest Factors Weigh in Favor of Transfer.

The public interest factors implicated in a transfer include, but are not limited to:

> the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted). Because there are no concerns about judgment enforceability, and because the applicable law is federal law, the Court focuses only on the additional factors.

First, the Court considers practical considerations that could make the trial easy, expeditious, or inexpensive. *Id*. at 879. For the reasons set forth in the Court's

4

discussion of convenience in the previous section, the first factor weighs in favor of a transfer.

Second, the Court considers the relative administrative difficulty in the two fora resulting from court congestion. *Id*. at 879. The Government argues that a transfer will delay the resolution of this case. As explained in the previous section, the Court is not convinced that any delay would be material. The Government does not address the Shins' argument that the time from filing to trial is 30.8 months in the Central District of California compared with 37.6 months in the District of New Jersey. Shins' Br. at 21 (citing United States Courts -- Federal Court Management Statistics, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.). The Court finds that the difference is not significant. Accordingly, the second factor is neutral.

Third, the Court considers the local interest in deciding local controversies at home. *Jumara*, 55 F.3d at 879. While New Jersey plainly has an interest in illegal deposits made in New Jersey banks, New Jersey's interest in this case is small. Only a single deposit out of more than 100 was made in New Jersey. On the other hand, the Shins live and work in California. California has an interest in deciding whether the Shins were involved in illegal activities. Accordingly, the third factor weighs in favor of a transfer.

Fourth, the Court considers the public policies of the fora. *Id.* The Government argues, rightly, that the subject matter of this case, structuring, money laundering, and narcotics trafficking, affect multiple districts, including California and New Jersey. Accordingly, the fourth factor is neutral.

Weighing the factors together, the Court finds that the public interest factors weigh in favor of a transfer to the United States District Court for the Central District of California.

### III. CONCLUSION

For the reasons stated above, the private interest factors and the public interest factors weigh in favor of a transfer. Accordingly, the motion to transfer is **GRANTED**. An appropriate order follows.

                /s/ William J. Martini
               **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 6, 2014**